In re Estate of Robert Pinkerton, Deceased.   Appeal of Jane Warren, Executrix of the will of Margaret Pinkerton, Deceased.

*Will—Life estate—Legacy—Devise.*

Testator having devised certain real estate to his wife, further directed as follows: "I also bequeath to her the interest of $1,000 invested with her approval, said interest to be paid annually, she to have the privilege of drawing on the principal if necessary; I also bequeath to her an equal share of the remainder of my estate share and share alike with each of my children who may be alive at the time of my decease. . . . I direct at her death all property bequeathed by me to her shall be divided equally between among such of my children as shall survive her." *Held*, that the widow had no power to dispose by will of either the principal of the $1,000 which she had not used in her lifetime, or her portion of testator's residuary estate.

Argued Oct. 9, 1899.   Appeal, No. 8, Oct. T., 1899, by Jane Warren, from decree of O. C. Westmoreland Co., Aug. T., 1897, No. 23, dismissing exceptions to auditor's report.   Before STERRETT, C. J., GREEN, MCCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Exceptions to auditor's report.

The auditor, Benjamin R. Kline, Esq., reported as follows:

Robert Pinkerton died at his home in Parnassus, Westmoreland county, Pennsylvania, November 12, 1895, testate, leaving a widow, Margaret Pinkerton, and issue, eight children, viz: Robert, Agnes Schwalm, Elizabeth Armstrong, Sarah E. McNeil, Matilda C. McWilliams, John, Margaret J. Armstrong, and Salina A. Charlton, and having for his executor, Robert A. Armstrong. The amount of the personal estate left in the hands of the executor after the payment of debts is $5,595.18; which sum was to be distributed according to said will among

the aforementioned heirs, except certain legacies, as will appear by reference thereto, and to the schedule of distribution.

On October 30, 1897, on motion of Spiegel and McGeary, attorneys for accountant, the court appointed B. R. Kline, an auditor, to distribute said fund, who met the accountant and representatives of the heirs and others, in the court house in Greensburg, on December 22, 1897, when the accountant's report was submitted, and the necessary testimony taken; and again on January 6, 1898, when the construction of the will of the testator was argued relative to said distribution.

By his will, the testator bequeathed to his wife, Margaret Pinkerton, the house in which they lived, together with the household effects, the rental of another house in Parnassus, and the interest of $1,000, with the privilege of drawing on the principal if necessary, during her natural life, as follows:

"Item 1. I bequeath to my beloved wife, Margaret, during her natural life the house and lot in the village of Parnassus, in which we now live, together with all household effects now in use in my house; I also bequeath to her the interest of $1,000, invested with her approval, said interest to be paid annually, she to have the privilege of drawing on the principal if necessary; I also bequeath to her an equal share of the remainder of my estate share and share alike with each of my children who may be alive at the time of my decease."

On August 18, 1897, Margaret Pinkerton died, testate, without having drawn any part of the principal of said $1,000, or even the interest. In her will she disposes or bequeaths all her worldly effects to her sister, Mrs. Jane Warren, of Allegheny, Pa., who is also named as her executor, which bequest includes the share of the testatrix in her late husband's, Robert Pinkerton's, estate.

The learned counsel for the estate of Margaret Pinkerton argues that according to the construction of the will of Robert Pinkerton the estate of Margaret Pinkerton includes the $1,000 mentioned in the testator's will, principal and interest, and also the equal share with the testator's children, mentioned in said will.

The interest on said $1,000, the auditor allows the estate of said Margaret Pinkerton, it not being a part of said estate at the time of the testator's death; and if the testator had made

no further provision, after the above quoted passage of his will, the auditor holds that the $1,000, as well as the equal share with the children, should have vested absolutely in Margaret Pinkerton; but in the next paragraph of the will, we find the following:

"I direct at her death all property bequeathed by me to her shall be divided equally between among such of my children as shall survive her."

Here there can be no doubt as to the testator's intention. In Krebs's Appeal, 184 Pa. 222, we find the following: "If a testator in one part of his will gives to a person an estate of inheritance in land, or an absolute interest in personalty, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly."

Following this rule the learned judge quotes from a will a passage which is similar to item 1 in the will of Robert Pinkerton, except that in the Pinkerton will, the widow is given an estate for life only. See also Reck's Appeal, 78 Pa. 432.

When Margaret Pinkerton was given $1,000, which he directed to be invested with her approval, a trust was created. As she was given the privilege of drawing on the principal if necessary, the auditor holds it to mean, if necessary for her maintenance, and in the following paragraph there was a gift over. Now, as Margaret Pinkerton never drew any part of said principal, and not even the interest while living, it was clearly not necessary, and while the auditor allows her estate the interest of said $1,000, it being no part of Robert Pinkerton's estate at his death, it appears clear that the testator did not intend her to dispose of said $1,000 at her death.

As to Margaret Pinkerton's equal share and share alike with each of the testator's children living at his death, the auditor believes it was not at her disposal at her death any more than was the $1,000, owing to the bequest over above quoted. See Sheets's Estate, 52 Pa. 257, syllabus 3: "If a testator gives an absolute interest either in lands or personalty, and afterwards unequivocally shows that he means the donee to take a less estate, the prior gift will be so restricted;" and syllabus 9: "A bequest of personalty to one for life, remainder to his heirs,

may give the first taker an absolute interest; a remainder to issue will not."

Robert Pinkerton in his will does not use the word "heirs." He says "my children," which term is construed to mean issue.

*Error assigned* was the decree of the court dismissing exceptions to auditor's report.

*Edward B. McCormick*, with him *John F. Wentling* and *David A. Miller*, for appellant.—In considering this will it is necessary to bear in mind that in case of doubtful construction the law leans in favor of an absolute, rather than a defeasible estate; of the first, rather than the second taker, as the principal object of the testator's bounty, and of a distribution as nearly conformed to the general rules of inheritance as possible: Smith's Appeal, 23 Pa. 9; Cressler's Est., 161 Pa. 427; Mickley's App., 92 Pa. 514; King v. Frick, 135 Pa. 575; Stevenson v. Fox, 125 Pa. 568; Fitzwater's App., 94 Pa. 141.

The bequest of the use of a thing, or the product or interest of a fund, is as a rule to be regarded as the bequest of the thing itself: Merkel's App., 109 Pa. 238; Cressler's Est., 161 Pa. 427; Post v. Dillon, 8 Phila. 31; Sproul's App., 105 Pa. 441; Penna. Co.'s Appeal, 83 Pa. 312; Roberts's App., 59 Pa. 70.

Where it can be implied from the will that a discretion is left to withdraw any part of the subject of the devise from the object of the wish or request, or apply it to the use of the devisee, no trust is created: Jauretche v. Proctor, 48 Pa. 466; Boyle v. Boyle, 152 Pa. 108; Follweiler's App., 102 Pa. 581.

An absolute gift, especially of personalty, is not to be cut down by a later clause in a will, unless the testator's intention to modify the gift is unequivocally expressed: Heck's Est., 170 Pa. 232; Engles's Est., 166 Pa. 283.

*Paul H. Gaither*, with him *J. R. Spiegel, M. N. McGeary* and *Cyrus E. Woods*, for appellees, cited Sheets's Est., 52 Pa. 257; Labar's Est., 181 Pa. 1; Gross v. Strominger, 178 Pa. 64.

PER CURIAM, October 23, 1899:

We have no doubt as to the substantial correctness of the learned auditor's conclusions, and especially his construction of

Robert Pinkerton's will. The court below was clearly right in dismissing exceptions and confirming the auditor's report.

There appears to be nothing in either of the specifications of error that requires special notice.

Decree affirmed and appeal dismissed at appellant's costs.